UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE S. SIDEBOTTOM,

   Plaintiff,

v

RICARDO GALLARZO and KELLER
TRANSFER LINE, INC.,

   Defendants.
_____/

Case No. 1:22-cv-00021

HON.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Darlene S. Sidebottom, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendants, states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a Michigan third party automobile negligence and ownership liability claim arising out of a January 29, 2019 motor vehicle collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

### THE PARTIES

5. Plaintiff is a United States citizen and domiciled in the State of Illinois; her residence is currently located in the Village of Thomasboro, County of Champaign, State of Illinois.

6. By information and belief, Defendant Ricardo Gallarzo is a United States citizen and domiciled in the State of Indiana; by information and belief, his residence is located in the City of Portage, County of Porter, State of Indiana.

7. By information and belief, Defendant Keller Transfer Line, Inc. is a domestic profit corporation, originating in Michigan, with a Michigan resident agent of Douglas J. DeVries, 5635 Clay Avenue, SW, Grand Rapids, Michigan 49548, and, at all relevant times, was conducting business in the Township of Lincoln, Berrien County, Michigan.

## COUNT I - NEGLIGENCE AGAINST DEFENDANT RICARDO GALLARZO

8. Plaintiff incorporates by reference and realleges each paragraph, 1 through 7, as though fully set forth herein.

9. On or about January 29, 2019, at or about 8:30 a.m., Plaintiff was operating a 2012 Kenworth Tractor, Registration No. RB47474, eastbound on I-94 in Lincoln Township, Berrien County, Michigan.

10. At the same time and place, Defendant Ricardo Gallarzo was operating a 2007 Freightliner Tractor, Registration No. RA84653, which was owned by Defendant Keller Transfer Line, Inc., eastbound on I-94, when he rear-ended Plaintiff as she was slowing down due to backed up traffic up ahead, causing a collision.

11. At the same time and place, by information and belief, Defendant Ricardo Gallarzo was driving the 2007 Freightliner Tractor, Registration No. RA84653, within the course of his employment with Defendant Keller Transfer Line, Inc.

12. At the same time and place, Defendant Gallarzo owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor

Vehicle Code of the State of Michigan, as amended, and the ordinances of Lincoln Township, Berrien County, Michigan.

13. Defendant Gallarzo did then and there display ordinary, gross, willful and wanton negligence and misconduct by failing to stop in assured clear distance, causing the collision.

14. At the same time and place, Defendant Gallarzo was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

    a.    in failing to keep a reasonable lookout for other persons and vehicles using the highway;

    b.    in failing to drive with due care and caution;

    c.    in failing to take all possible precautions to avoid any collision with other motor vehicles;

    d.    in failing to make or renew observations of the conditions of traffic;

    e.    in failing to stop in assured clear distance; and

    f.    in failing to operate the vehicle safely under the conditions then and there existing; and

    g.    in failing to follow the laws and rules of the road.

15. Defendant Gallarzo was further negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Lincoln Township, Berrien County, Michigan.

16. Among those statutes Defendant Gallarzo violated include, but are not limited to the basic speed law and the following: M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); and M.C.L. 257.627 (violation of basic speed law) among others.

17. As a proximate cause of Defendant Gallarzo's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows, but not necessarily limited to: herniated nucleus pulposus, right side, C5-6; bilateral upper extremity cervical radiculopathy; lower extremity dysesthesias; low back pain; neck pain; right-sided facial dysesthesias; abdominal wall contusion; cervicalgia; and other injuries to other parts of her body, externally and internally, and some or all of which interfere with her enjoyment of life and caused Plaintiff great pain and suffering.

18. As a proximate result of her injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

19. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

20. Plaintiff claims all non-economic damages including those for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed above.

21. Plaintiff claims all economic damages including damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other allowable economic damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT II – RESPONDEAT SUPERIOR CLAIMS AGAINST DEFENDANT KELLER TRANSFER LINE, INC.

22. Plaintiff incorporates by reference and realleges each paragraph, 1 through 21, as though fully set forth herein.

23. Defendant Keller Transfer Line, Inc. is responsible for the actions/inactions/negligence of Defendant Gallarzo under the theory of respondeat superior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT III – STATUTORY OWNERSHIP LIABILITY AGAINST DEFENDANT KELLER TRANSFER LINE, INC.

24. Plaintiff incorporates by reference and realleges each paragraph, 1 through 23, as though fully set forth herein.

25. At all relevant times, Defendant Keller Transfer Line, Inc. allowed the truck it owned to be driven, operated, and controlled by Defendant Gallarzo.

26. Defendant Keller Transfer Line, Inc. is liable for Defendant Gallarzo's negligent entrustment and, additionally, has civil liability to Plaintiff under MCL 257.401 for the negligent operation of the vehicle it owned which was negligently operated by Defendant Gallarzo.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT IV – NEGLIGENCE, GROSS NEGLIGENCE, NEGLIGENT HIRING, TRAINING, ENTRUSTMENT AND RETENTION AGAINST DEFENDANT KELLER TRANSFER LINE, INC.

27. Plaintiff incorporates by reference and realleges each paragraph, 1 through 26, as though fully set forth herein.

28. At all relevant times, Defendant Keller Transfer Line, Inc. knowingly allowed its employee, Defendant Gallarzo, to drive a truck when it knew or should have known he would not be able to control the truck in a safe manner in accordance with the laws of the State of Michigan and other laws in direct disregard for the safety of Plaintiff and the public.

29. In addition, Defendant Keller Transfer Line, Inc. was negligent and/or grossly negligent in its hiring, training, entrustment and retention of Defendant Gallarzo.

30. At all relevant times herein, including on or about January 29, 2019, Defendant Keller Transfer Line, Inc., by and through its employees, agents, and/or servants, had a duty to exercise reasonable care in the hiring, training, entrustment and retention of Defendant Gallarzo and failed to do so.

31. In violation of the aforesaid duties, Defendant Keller Transfer Line, Inc., by and through its employees, agents, and/or servants, committed one or more of the following negligent acts and/or omissions:

    a. failing to maintain a proper lookout ahead and behind for other vehicles then upon the highway;

      b.      failing to keep the truck under proper control;

      c.      failing to operate the truck at a speed that is reasonable and proper having due regard to the traffic conditions and the use of the highway;

      d.      failing to decrease the speed of the truck as necessary to avoid colliding with the vehicles then upon the highway;

      e.      failing to stop the truck in time to avoid the collision, although it saw or should have seen that it was impending and had ample time and opportunity to avoid it;

      f.      otherwise driving in a careless and negligent manner;

      g.      negligently hiring and retaining Defendant Gallarzo; and

      h.      failing to properly train Defendant Gallarzo with regard to operation of the truck it owned.

32. As a direct and proximate result of the acts and/or omissions constituting negligence, or gross negligence, by Defendant Gallarzo, the employee of Defendant Keller Transfer Line, Inc., and as a direct and proximate result of Defendant Keller Transfer Line, Inc.'s own negligence or gross negligence, Plaintiff was injured and suffered the injuries outlined in this Complaint.

33. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions by Defendant Keller Transfer Line, Inc., the truck being driven by Defendant Gallarzo collided with another vehicle, thereby causing Plaintiff severe injuries.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: January 7, 2022                                      /s/ Jonathan N. Jilek
                                                            Jonathan N. Jilek (P65299)
                                                            Attorney for Plaintiff

## JURY DEMAND

Plaintiff, Darlene S. Sidebottom, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: January 7, 2022                                      /s/ Jonathan N. Jilek
                                                            Jonathan N. Jilek (P65299)
                                                            Attorney for Plaintiff